**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RUFUS LAMAR SAVIN SPEARMAN,

    Plaintiff,                        Civil Action No. 2:18-CV-10673
v.                                   HONORABLE NANCY G. EDMUNDS
                                       UNITED STATES DISTRICT COURT
MARY PARSON, ET. AL.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Rufus Lamar Savin Spearman's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is an inmate incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan. For the reasons stated below, the complaint is **SUMMARILY DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke*, 490 U.S. at 327–28); *See also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). A federal court is permitted to consider any prison grievances and responses to those grievances that are attached to and incorporated in a *pro se* prisoner complaint in determining whether or not the case is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief can be granted. *See e.g. White v. Caruso*, 39 F. App'x. 75, 78 (6th Cir. 2002). Courts are also permitted to review other documents that are attached to a *pro se* complaint to determine whether or not a *pro se* plaintiff states a claim upon which relief can be granted or whether the complaint should be summarily dismissed. *See e.g. Powell v. Messary*, 11 F. App'x. 389, 390 (6th Cir. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff has filed a forty page complaint, along with over one hundred and thirty pages of exhibits and documents that he wishes to incorporate as part of his complaint. The gravamen of plaintiff's complaint is that various prison officials, psychiatrists, psychologists, or other mental health workers at several prisons have forced him against his will to enter the Corrections Mental Health Program (CMHP). Plaintiff further claims that the defendants are forcibly medicating him with anti-psychotic medications, specifically Haldol. Plaintiff alleges that in forcing him to take these anti-psychotic medications, the defendants are forcing plaintiff to renounce and abandon his "religiously based parapsychological beliefs, opinions, and ideas[,]". (See Dkt. # 1, Pg ID, 13). Plaintiff indicates several times in his complaint that the defendants are doing this because they believe he is a danger to himself and to others. Plaintiff claims that the defendants only did this after he requested medical intervention for back pain. Plaintiff alleges that there was no basis for the defendants to involuntarily medicate him.

Plaintiff, however, as attached to his complaint numerous exhibits that indicate that plaintiff was only placed into the CMHP and prescribed medication after hearings were

3

conducted before hearing committees for the CMHP. (See Dkt. # 1, Pg ID 98-105, 106-118, 120-28, 132-47). These reports contained physician's certificates indicating that plaintiff was interviewed by psychiatrists or other mental health professionals. The reports also contained a Qualified Mental Health Professional Evaluation (QMHP) which also contained a history of plaintiff's mental illnesses. The reports all indicate that plaintiff had a history of mental illness and had been prescribed psychiatric medications in the past. The reports indicate that plaintiff had a history of depression and suicide attempts. The reports indicate that plaintiff did not believe he suffered from any mental illness and refused to voluntarily take any anti-psychotic medications. The reports indicate that plaintiff lacks insight regarding his mental illnesses and needed to be treated medically. After reviewing these reports, the mental health committees found that plaintiff suffered from a mental illness that required a proposed plan of mental health service not to exceed ninety days.

One report indicated that plaintiff was delusional and agitated and believed that persons were trying to sexually assault him through their thoughts and that there was a conspiracy against him. Plaintiff also stated that others were using "mental projection" to engage in "shoot 'em up bang bang" which he explained as a method to stimulate his anus or genitals in order to engage in homosexual sex. The report indicates that plaintiff was suffering from paranoid thoughts that could lead him to be a danger to himself or others. This first report indicated also that plaintiff had a prior history of being placed on psychotropic medications. The report concluded that plaintiff likely suffered from a thought disorder in the schizophrenia spectrum disorders. It also indicated he had a prior history of depressive episodes and suicide attempts. (*Id.,* Pg ID 99-102).

A second report contained similar findings but also noted that plaintiff claimed that

his back pain was caused by "astral or mental projections" being used to "fuck him." It also indicated that plaintiff attempted suicide three times by hanging or drowning. The report indicated that plaintiff on his own would most likely discontinue taking his medications. The report indicated that plaintiff was continuing to suffer from paranoid and somatic delusions. (*Id.*, Pg ID 111-13).

A third report contains similar findings as the first two but also indicates that plaintiff has a history of visual hallucinations, i.e. seeing what he referred to as his "elders." In response to a question from the psychiatrist, plaintiff denied that it was psychotic for him to believe that persons could stimulate his genitals from a distance. Plaintiff indicated from his own "research" that he "used to say that it [the remote sexual assaults] was mental projection or spells or charms; now I know its metaphysical." (*Id.*, Pg ID 122). The report further indicated that plaintiff has a "fixed delusion that someone has inflicted physical pain upon him through their thoughts." (*Id.*, Pg ID 123).

Plaintiff appealed the findings of the mental health committees. His appeals were denied. (*Id.*, Pg ID 107-08, 119, 129, 148-49).

Plaintiff also attached his grievances that he filed and the Michigan Department of Corrections' [M.D.O.C.] responses to these grievances. The M.D.O.C. denied these various grievances because plaintiff had been evaluated by a licensed psychiatrist who determined that plaintiff was suffering from symptoms that justified medication for mental illness. (*Id.*, Pg ID 154, 163-64, 173, 176).

Plaintiff seeks monetary damages and injunctive relief.

### IV. Discussion

Plaintiff's action is subject to dismissal for several reasons.

5

First, the complaint would be subject to dismissal, because plaintiff has failed to comply with the pleading requirements of Fed. R.Civ. P. 8. Fed.R.Civ.P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." Plaintiff's complaint is subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *See also Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

Secondly, a review of the documents and exhibits which plaintiff attached to his complaint shows that plaintiff is not entitled to relief.

An inmate "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). However, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.,* at 227. Although an inmate's "interest in avoiding the unwarranted

6

administration of antipsychotic drugs is not insubstantial." *Id.* at 229, the Supreme Court opined that "[n]otwithstanding the risks that are involved, we conclude that an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge." *Id.,* p. 231. The Supreme Court further indicated that "[t]hough it cannot be doubted that the decision to medicate has societal and legal implications, the Constitution does not prohibit the State from permitting medical personnel to make the decision under fair procedural mechanisms" without a judicial hearing. *Id.*

M.D.O.C. Policy Directive ("PD") 04.06.183 provides, in relevant part, that a prisoner may be temporarily subjected to involuntary treatment with psychotropic medication where the following conditions are met: "a psychiatrist's certificate [is] executed which states [that] the prisoner is mentally ill," the psychiatrist also concludes that the prisoner "is a present danger to himself or herself or to others;" "the prisoner refuses treatment;" and the psychiatrist orders "involuntary administration of psychotropic medication pending the convening of a Hearing Committee." *Id.* at (Q-R).

Before a hearing committee is convened, the inmate must be provided with a copy of the "Psychiatric Certificate, Psychiatric Report, QMHP11 Report, and a notice of hearing and rights to the prisoner and, if one has been appointed, to the guardian of the person." MDOC PD 04.06.183 at (S). The prisoner shall be assigned a Mental Health Advisor; the prisoner must not be medicated for twenty-four hours prior to the hearing. *Id.* at (T). The hearing committee must consist of "a psychiatrist, a fully licensed psychologist, and another mental health professional whose licensure or registration requirements include a minimum of a baccalaureate degree from an accredited college or university, none of whom is, at the

7

time of the hearing, involved in the prisoner's treatment or diagnosis." *Id.* at (C). The hearing committee must consider "the QMHP Report alleging that the prisoner is mentally ill, the Psychiatric Report, the Psychiatrist's Certificate, proof that a notice of hearing has been served, proof that the prisoner has not been medicated within 24 hours and any other admissible evidence presented at the hearing." *Id.* at (W). The prisoner has the right to attend the hearing, may bring along his or her guardian, and is entitled to the assistance of his or her mental health advisor. *Id.* at (X). The prisoner may present evidence, including witnesses, and may cross-examine witnesses. *Id.* The hearing committee must then "determine whether the prisoner is mentally ill and, if so, whether the proposed mental health services are suitable to the prisoner's condition. A finding of mental illness must be confirmed by the psychiatrist on the Hearing Committee to be valid." *Id.* at (Y). The committee must prepare an official record of the hearing, and must present to the prisoner a report of their findings and orders, along with an appeal form. *Id.* at (Z-AA). The initial period of treatment may not exceed ninety days. *Id.* at (AA).

The prisoner may appeal the hearing committee's decision to the Director of the Corrections Mental Health Program with the assistance of their mental health advisor; the prisoner may then appeal that decision to a state circuit court. *Id.* at (DD). The policy also provides for renewal of the medication order. *Id.* at (EE-FF). The prisoner is also entitled to a copy of the corrections mental health program guidebook which contains "rights information," and is to be offered an "opportunity to consult with staff from the Office of the Legislative Corrections Ombudsman." *Id.* at (GG).

The M.D.O.C.'s policy regarding the involuntary administration of psychotropic drugs is similar to the Washington state procedure that was upheld as valid in *Harper. Id.,* 494

U.S. at 233-35. A review of the documents that plaintiff has attached to his complaint shows that the defendants followed the procedures dictated under M.D.O.C. policy before he was involuntarily treated with medication. Plaintiff has thus failed to establish a due process violation.

A review of the various records attached also shows that plaintiff is suffering from serious mental illness that may make him dangerous to himself or to other persons. There is no due process violation in the involuntary administration of medicine to an inmate who suffers from a mental illness. *See e.g. Kramer v. Wilkinson*, 302 F. App'x. 396, 400 (6th Cir. 2008). Because the various records attached by plaintiff to his complaint clearly show that he suffers from a serious mental illness, the involuntary administration of medication to plaintiff does not violate his constitutional rights.

## V. ORDER

**IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint (Dkt. # 1) is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that any appeal taken would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d at 604.

**SO ORDERED.**

S/ Nancy G. Edmunds_____
**HON. NANCY G. EDMUNDS**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager