**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUFUS LAMAR SAVIN SPEARMAN,

       Plaintiff,                   Civil Action No. 2:18-CV-10673

v.                                HONORABLE NANCY G. EDMUNDS

                                    UNITED STATES DISTRICT COURT

MARY PARSON, ET. AL.,

       Defendants,

_____/

## OPINION AND ORDER DENYING THE MOTION
## TO ALTER OR TO AMEND JUDGMENT (ECF No. 21)

Before the Court is plaintiff's motion to alter or amend judgment.  For the reasons that follow, the motion is DENIED.

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983.  This Court summarily dismissed the complaint pursuant to  28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A) because Plaintiff failed to state a claim upon which relief could be granted. *Spearman v. Parson,* No. 2:18-CV-10673, 2018 WL 1522439 (E.D. Mich. Mar. 28, 2018), *appeal dismissed*, No. 18-1393, 2018 WL 7960304 (6th Cir. Nov. 16, 2018), *cert. denied*, 139 S. Ct. 2622 (2019).

Plaintiff subsequently filed a motion for an independent action for relief from judgment.  Plaintiff claimed that he had additional evidence in support of the earlier allegations that he raised in his complaint that various prison officials, psychiatrists, psychologists, or other mental health workers at several prisons had forced him against his will to enter the Corrections Mental Health Program (CMHP) and had forcibly medicated him with anti-psychotic medications, specifically Haldol.  The Court denied the

1

motion because the independent action was an attempt by plaintiff to relitigate his claims which this Court considered and rejected when summarily dismissing the original complaint. (ECF No. 20).

Plaintiff has now filed a motion to alter or to amend judgment.

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff's motion for reconsideration is denied, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily denied the original civil rights complaint and again in denying the motion for an independent action. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

2

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion to alter or amend

judgment (ECF No. 21) is **DENIED.**

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2020